# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Respondent,

v.

MICHAEL STEVENS,

    Movant.

Case No. 2:04-CR-00454-KJD-RJJ
          2:07-CV-00692-KJD-RJJ

**ORDER**

    Presently before the Court is Movant's Motion to Vacate, Set Aside, or Correct a Sentence (#44). In accordance with 28 U.S.C. § 2255 ("§ 2255"), the Court finds that a response from the Government is unnecessary, because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."

    Movant argues that the Court ordered that he be sentenced to a term of thirty-seven (37) months imprisonment with twelve (12) months credit for time served. Movant asserts that the Bureau of Prisons computed his sentence incorrectly by failing to give him credit for time served. However, the Court has reviewed the sentencing and has determined that Movant's factual assertions are incorrect. At sentencing, the Court granted a two-level downward departure based upon Movant's abusive childhood and the approximate twelve month delay in medical diagnosis of Movant's potential medical condition which Could have justified a further reduction. This reduced the total offense level from 19 to 17 changing the guideline range from forty-six (46) to fifty-seven (57) months incarceration to thirty-seven (37) to forty-six (46) months incarceration. The Court also

ordered that his sentence run concurrently with Movant's state sentences in Case Nos. CR-4004 and 4476.

The general rule is that a writ of habeas corpus or a § 2255 motion will not be allowed to be a recapitulation or substitute for an appeal. See Reed v. Farley, 512 U.S. 339, 354 (1994); Daniels v. United States, 26 F.3d 706, 711 (7th Cir. 1994). If a movant failed to raise on appeal the claims now at issue in the § 2255 motion, review is even more limited. Non-constitutional and non-jurisdictional claims that could have been raised on appeal, but were not, may not be asserted in a § 2255 motion. See Stone v. Powell, 428 U.S. 465, 477 n.10 (1976); see, e.g., United States v. Schlesinger, 49 F.3d 483, 484-86 (9th Cir. 1994) (concluding that non-constitutional, sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255).

In contrast, constitutional claims cannot be denied solely on the ground that the movant failed to raise them in his direct appeal. See Davis v. United States, 417 U.S. 333, 345 n.15 (1974). Where a movant fails to raise his constitutional claims on direct review, a § 2255 motion is available but only if the movant establishes either "cause" for the waiver and "actual prejudice" resulting from the alleged violation or "actual innocence." See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167 (1982).

Here, Movant failed to raise this claim on direct appeal and it is waived. Furthermore, since Movant's factual assertions are erroneous, he cannot show cause and prejudice, because there was no error for his able attorney to raise on appeal. Therefore, Movant's motion must be denied.

Accordingly, IT IS HEREBY ORDERED that Movant's Motion to Vacate, Set Aside, or Correct a Sentence (#44) is **DENIED**.

DATED this 4TH day of September 2007.

_____
Kent J. Dawson
United States District Judge